UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

---

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 07-cr-20052** |
| **-VS-** | **JUDGE DRELL** |
| **KENDRICK SHANE BOUDREAUX (05)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

# RULING AND ORDER

Before the court is Kendrick Shane Boudreaux's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (Doc. 722), in which he requests a reduction in sentence or early release because his sentence is improper in light of changes in the law. For the following reasons, the motion is **DENIED.**

## I. BACKGROUND

Boudreaux and six co-defendants were initially charged by a federal grand jury in a 23-count indictment on May 11, 2007. In September 2007, the grand jury issued a 25-count superseding indictment for crimes associated with a conspiracy to traffic drugs, burglaries and home invasion robberies.

Boudreaux was personally charged in Counts 1, 4, 5, 6, 7, 8, 9, and 11. (Doc. 101). On May 14, 2008, Boudreaux entered a plea of guilty to Counts 4, 5, and 8 of the superseding indictment. (Doc. 206). On September 29, 2008, Boudreaux was sentenced to 57 months on Count 4, 84 months on Count 5 to run consecutively to Count 4, and 300 months on Count 8 to run consecutively to all other counts for a total of 441 months imprisonment (Doc. 249).

Boudreaux did not appeal his sentence.

II. LAW AND ANALYSIS

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction." United States v. Chambliss, 948 F.3d 691, 692-693 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i).

"The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances. One such circumstance is when "extraordinary and compelling reasons warrant" a sentence reduction." United States v. Escajeda, 58 F. 4th 184, 186 (5th Cir. 2023). As explained recently by the Fifth Circuit:

> Under settled Fifth Circuit precedent, "extraordinary" means "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" The term "'[c]ompelling' is a participle of "compel" which means "to drive or urge with force, or irresistibly," "to force," and "to subjugate.'" Thus prisoners have extraordinary and compelling reasons for relief "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique in the life of the prisoner.

United States v. Austin, 125 F.4th 688, 691-92 (5th Cir. 2025) (internal citations omitted).

Boudreaux argues that he entitled to a reduction in sentence because of changes to 18 U.S.C. § 924(c)'s stacking provision being eliminated by the First Step Act in 2018, and the Supreme Court's decision in United States v. Taylor, 596 U.S. 845 (2022) that attempted Hobbs Act robbery does not qualify as a crime of violence as a predicate offense for a felony conviction and enhanced sentence for using a firearm in furtherance of a crime of violence.

It has long been held that habeas corpus is the exclusive remedy for challenging the legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). The Fifth Circuit has expressly found the habeas-channeling rule prevents a

prisoner from using compassionate release "to challenge the legality or the duration of [a defendant's] sentence." United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023). Since that decision, the Supreme Court held in Fernandez v. United States, 608 U.S. 411 (2026) that a prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. § 2255 and Rutherford v. United States, 608 U.S. 454 (2026) which holds that Congress' nonretroactive change to § 924(c) cannot make a prisoner eligible for compassionate release." Id. at 1335. In light of the foregoing, Boudreaux's claims regarding the application of the First Step Act's amendment of 18 U.S.C. § 924(c) and United States v. Taylor are foreclosed.

We note that even if Boudreaux were to bring his claims in a § 2255 motion, that motion would be denied. First, the First Step Act's changes to § 924(c) are not retroactive to Boudreaux as he was sentenced long before the First Step Act was enacted. See Hewitt v. United States, 606 U.S. 419 (2025). Second, the counts to which he contends Taylor applies, Counts 5 and 8, name two predicate offenses: (1) a drug trafficking offense and (2) an attempted Hobbs Act robbery.

Count 5 provides:

> On or about the 26th day of June, 2003, at Lafayette Parish in the Western District of Louisiana, the defendants ..., each aiding and abetting the other, knowingly carried and possessed a firearm, to wit: unknown semiautomatic pistols during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, **to wit: Conspiracy to Possess with intent to Distribute Controlled Substances as alleged in Count 1**, and a crime of violence for which they may be prosecuted in a court of the United States, to wit: Attempted Inference with Commerce by Robbery as alleged in Count 4 above, in violation of Title 18, United States Code, Sections 924(c)(1) and 2. [18 U.S.C. §§ 924(c)(1) and 2].

(Emphasis added). (Doc. 101, p. 5-6).[1] Count 8 provides:

> On or about the 11th day of July, 2003, at Lafayette Parish in the Western District of Louisiana, the defendants... and a herein unindicted coconspirator, each aiding

[1] Count 5 of the superseding indictment references Count 2 as the Attempted Interference with Commerce by Robbery. We have corrected the text here to reflect the count as it appears in the amended superseding indictment which is Count 4. (See Doc. 290, 295).

> and abetting the other, knowingly carried and possessed a firearm, to wit: a Hi-Point Model JH45 .45 caliber semiautomatic pistol (Serial Number: 324458) and an unknown semiautomatic pistol believed to be a 9 mm, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, **to wit: Conspiracy to Possess with Intent to Distribute Controlled Substances, as alleged in Court 1**, and a crime of violence for which they may be prosecuted in a court of the United States, to wit: Interference with Commerce by Robbery as alleged in Count 7 above, in violation of Title 18, United States Code, Sections 924(c)(1) and 2 [18 U.S.C. §§ 924(c)(1) and 2].

(Emphasis added). (Doc. 101, p. 7-8).[2] Thus, even if the attempted Hobbs Act robbery was eliminated, a predicate offense giving rise to the enhanced sentence remains.

Finally, Boudreaux's claims that he is a changed man who has experienced personal growth, while admirable, does not constitute extraordinary and compelling reasons which warrant the grant of his motion for compassionate release. See United States v. Martinez, No 23-50418, 2024 WL 658592, at *1 (5th Cir. Feb. 16, 2024) (unreported) ("Even if [the defendant] were reformed, his rehabilitation efforts alone are not an extraordinary and compelling reason for release."); United States v. Handlon, 23-50386, 2024 WL 11787, at *1 (5th Cir. Jan. 10, 2024) (unreported) ("rehabilitation efforts alone are not extraordinary and compelling reasons for ... release.").

Even if coupled with Boudreaux's statements that he needs to care for his mother, will live with her, and has a job if released, those statements are wholly unsupported and there are no circumstances warranting compassionate release. His sentence reflects the seriousness of his offenses of which he was charged and to which he entered a plea of guilty. Boudreaux and his codefendants went on a several years crime spree trafficking drugs, stealing and toting guns, and

[2] Count 8 of the superseding indictment references Count 5 as the Attempted Interference with Commerce by Robbery. We have corrected the text here to reflect the count as it appears in the amended superseding indictment which is Count 7. (See Doc. 290, 295)

committing robberies. The sentence reflects Boudreau's criminal history, and it reflects a punishment that will protect the public from future crimes and deter similar criminal conduct.

## III. CONCLUSION

For the reasons articulated herein, it is hereby

**ORDERED** that Boudreaux's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (Doc. 722) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 28th day of October 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**