**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 07-cr-20052** |
| **-vs-** | **JUDGE DRELL** |
| **KENDRICK SHANE BOUDREAUX (05)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

RULING & ORDER

Before the court is Kendrick Shane Boudreaux's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Doc. 734).[1] Boudreaux contends his sentence should be reduced in light of the Supreme Court's ruling in United States v. Taylor, 142 S.Ct. 2015 (2022).

I. Relevant Background

Boudreaux and six codefendants were charged in a twenty-five-count superseding indictment for crimes related to robbery, distribution of drugs, and possessions of firearms. (Doc. 101). On May 14, 2008, Boudreaux entered a plea of guilty to three counts:

> Counts 4 – attempted interference with commerce by robbery (attempted Hobbs Act robbery) in violation of 18 U.S.C. § 1951;
>
> Count 5- possession and carrying a firearm "during an in relation to a drug trafficking crime which [he] may be prosecuted in a court of the United States, to wit: Conspiracy to Possess with Intent to Distribute Controlled Substances, as alleged in Count 1, and a crime of violence for which [he] may be prosecuted in a court of the United States, to wit: Attempted Interference with Commerce by Robbery, as alleged in Count [4][2] in violation of 18 U.S.C. § 924(c)(1); and

---

[1] Boudreaux filed his petition in the wrong court and on the wrong form. When the matter was referred to this Court by the United States District Court, Southern District of Indiana on a 28 U.S.C. § 2241, it was properly construed as a petition for habeas corpus pursuant to §2255. (See 6:23-cv-987).
[2] Due to a typographical error, the Superseding Indictment incorrectly referenced Count 2 which was the count in the original indictment rather than Count 4 in the Superseding Indictment. This error was corrected by the judge presiding at the time. See Doc. 588.

> Count 8- possession and carrying of a firearm "during an in relation to a drug trafficking crime for which [he]may be prosecuted in a court of the United States, to wit: Conspiracy to Possess with Intent to Distribute Controlled Substances, as alleged in Count 1, and a crime of violence for which they may be prosecuted in a court of the United States, to wit: Attempted Interference with Commerce by Robbery, as alleged in Count [7][3] in violation of 18 U.S.C. § 924(c)(1).

(Docs. 101, 206 and 207). In his plea agreement, Boudreaux acknowledged that he understood the minimum penalty for Count 5 was 7 years (84 months) imprisonment to run consecutive to any other sentence because a firearm was brandished. He further acknowledged that his minimum sentence under Count 8 would be 25 years (300 months) to be served consecutive to any other sentence because he would have a prior conviction for the same statutory violation for Count 5. (Doc. 207, pp. 4-5).

On September 29, 2008, Boudreaux was sentenced to a total of 441 months imprisonment: 57 months on Count 4, 84 months on Count 5 to run consecutively with the sentence imposed on Count 4, and 300 months on Count 8 to run consecutively with sentences imposed on Counts 4 and 5. (Docs. 248-249).

Boudreaux did not file an appeal.

On September 6, 2023, he filed the instant motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. 734) claiming that United States v. Taylor, 596 U.S. 845 (2022) recognized a right that was made retroactively applicable to cases on collateral review. Specifically that the Supreme Court recognized that attempted Hobbs Act robbery was not a crime of violence. Accordingly, his sentence should be reduced because the court relied upon the predicate offense of attempted Hobbs Act robbery when determining his sentences for Counts 5

[3] Due to a typographical error, the Superseding Indictment incorrectly referenced Count 5 which was the count in the original indictment rather than Count 7 of the Superseding Indictment. This error was corrected via an amendment ordered on April 6, 2009. Doc. 295.

and 8. The Government has filed its response to the petition (Doc. 756) arguing the motion is procedurally barred and lacks merit.

II. Law and Analysis

A. Standard of Review

The grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence are as follows: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; United States v. Cates, 952 F.2d 149,151 (5th Cir.), cert. den. 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. United States v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally because collateral review is fundamentally different and may not replace a direct appeal.

"A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for collateral attack on his conviction unless there is cause for the default and prejudice as a result." United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). To establish cause, he must demonstrate that there was "some external impediment preventing [his]

counsel from constructing or raising the claim." Murray v. Carrier, 477 U.S. 478, 492 (1996). A showing of prejudice requires a defendant to establish that the procedural default "worked to his actual and substantial disadvantage." Id. at 494.

If a defendant cannot establish cause or prejudice, procedurally defaulted claims may be considered for the first time in a § 2255 proceeding if the movant can show he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. at 623.

B. Rule 8(a) Resolution

A defendant seeking relief under § 2255 is entitled to an evidentiary hearing on his claims "unless either (1) the movant's claims are clearly frivolous or based on unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." United States v. Allen, 918 F.3d 457, 460 (5th Cir. 2019) (quoting United States v. Harrison, 910 F.3d 824, 826-27 (5th Cir. 2018)). If the defendant fails to meet his burden of proof at the pleadings stage, an evidentiary hearing is not necessary. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

This court is able to resolve the merits of this § 2255 application without an evidentiary hearing because there is no genuine issue of material fact relevant to the claims of the petitioner, and the court records provide the required and adequate factual basis necessary to the resolution of the application. See United States v. Green, 882 F.2d 999, 1008 (5th Cir. 1989); Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

C. Analysis

We first address whether or not Boudreaux's motion pursuant to §2255 is timely.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f)(1-4). Boudreaux argues that the Supreme Court, in Taylor, recognized that attempted Hobbs Act robbery was not a crime of violence; thus, he is entitled to a sentence reduction. Taylor was decided on June 21, 2022. Although Boudreaux's motion was not filed in this court until September 6, 2023, his motion is still timely as he mistakenly filed his motion in the United States District Court, Southern District of Indiana on April 6, 2023. Thus, the motion was filed within a year of the Supreme Court's pronouncement in Taylor. Furthermore, as pointed out by the Government in its brief, several courts, including this court in the Shreveport Division, have determined that Taylor applies retroactively in an initial § 2255 motion. Accordingly, we find the motion is timely pursuant to § 2255(f)(3).

We now address the United States' argument that Boudreaux's claim is procedurally barred. There is no doubt that Boudreaux did not file an appeal, so the question is whether Boudreaux can establish "cause" and "actual prejudice" to overcome his procedural default.[4]

[4] In Davis v. United States, 411 US 233 (1973), the Supreme Court established the standard of "cause and actual prejudice" to determine whether a defendant was entitled to collateral relief. The defendant must show (1) cause excusing his double procedural default, and (2) actual prejudice resulting from the errors of which he complains.

The Government concedes that a "novel" claim can constitute cause which excused a defendant's procedural default. However, it asserts Boudreaux's claim was available to him at the time of his appeal, so it cannot be considered "novel." See Reed v. Ross, 468 U.S. 1, 16-17 (1984). The cases the Government cites in support do not evidence that the claim was available to Boudreaux at the time of appeal. He was sentenced in September 2008, and the cited cases were decided in the following decade. United States v. Dominguez, 954 F.3d 1251, 1255 (9th Cir. 2020); United States v. Hubert, 909 F.3d 335 (11th Cir. 2018). Accordingly, the claim is "novel."

Although Boudreaux can establish "cause," he cannot establish prejudice. Boudreaux entered guilty pleas to Counts 5 and 8 which each provided two predicate offenses upon which a sentencing enhancement could be based: (1) the he knowingly carried and possessed a firearm during and in relation to a drug trafficking crime, and (2) a crime of violence, attempted Hobbs Act robbery. (Doc. 101, p. 5-6) and 7-8).[5] Even without attempted Hobbs Act robbery, the predicate offense of drug trafficking remains, so Boudreaux's sentence would be the same if he were sentenced today. See United States v. Smith, No. 23-50619, 2025 WL 2238589, (5th Cir. Aug. 6, 2025); United States v. Diaz- De Leon, No. 21-40084, 2024 WL 2763809 (5th Cir. May 30, 2023). See also, Granada v. United States, 990 F.3d 1272 (11th Cir. 2021), cert. denied, 142 S.Ct. 1233 (2022).

Accordingly, there is no prejudice to Boudreaux, and his claim is procedurally barred. Even if it weren't, there is no legal basis upon which to grant a reduction in sentence

[5] Count 8 of the superseding indictment references Count 5 as the Attempted Interference with Commerce by Robbery. We have corrected the text here to reflect the count as it appears in the amended superseding indictment which is Count 7. (See Doc. 290, 295)

III. Conclusion

Based on the foregoing, it is hereby

**ORDERED** that Boudreaux's motion to vacate, set aside, or reduce his sentence (Doc. 734) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 29th day of October 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**